**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| KEVIN BENTZ, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 2:16-cv-2700-SHL-egb |
| v. | ) ) | |
| UC SYNERGETIC, LLC, | ) ) | |
| Defendant. | ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING MOTION FOR CONDITIONAL CERTIFICATION**

Before the Court is Magistrate Judge Edward G. Bryant's Report and Recommendation ("Report") (ECF No. 56), filed August 25, 2017, recommending that the Court grant Plaintiff's First Stage Motion for Notice to Potential Plaintiffs and Conditional Certification (ECF No. 22). Plaintiff seeks conditional class certification and approval of his proposed form of Notice and Consent to Join under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b). (ECF No. 22.) Judge Bryant issued his Report recommending that conditional class certification be granted and that the proposed notice be approved. (ECF No. 56.) Defendant filed its Objections to Judge Bryant's Report on September 8, 2017, arguing that there is insufficient evidence to sustain a conditional class certification and that notice of the kind proposed by Plaintiff would be inappropriate. (ECF No. 57.) Plaintiff filed a Response to Defendant's Objections on September 29, 2017. (ECF No. 60.) For the reasons outlined below, the Court **ADOPTS** Judge Bryant's Report and **GRANTS** Plaintiff's Motion for Conditional Class Certification and **APPROVES** the Proposed Notice.

## BACKGROUND

Plaintiff, Kevin Bentz, alleges a violation of the FLSA by his former employer, Defendant, UC Synergetic ("UCS"). Specifically, Mr. Bentz asserts that he and others similarly situated were pressured to underreport their hours and consequently denied overtime pay by their supervisors at UCS. (ECF No. 1.)

Plaintiff seeks conditional certification of a class including "all current and former hourly-paid 'Designers' and 'Fielders' who worked for UC Synergetic, LLC and whose position was overseen or supervised by Greg Maes and Rebecca Shepherd." (ECF No. 56 at 2.) In support of its Motion, Plaintiff relies on his own declaration, in which he alleges that his supervisor (Shepherd) and her supervisor (Maes) pressured him to underreport hours and forgo compensation, as well as the declarations of two other individuals alleging similar treatment. (ECF Nos. 22-3, 22-4, 22-5.) He additionally asserts personal knowledge of other employees subject to the same treatment. (ECF No. 22-3 at 2.)

In addition to his Motion for conditional class certification, Plaintiff seeks approval for his proposed Notice and Consent to Join, which he intends to distribute via physical and electronic mail. (ECF No. 22 at 11.) He also seeks to post Notice at UCS. (Id.) Finally, he requests that UCS provide the names, last known addresses, email addresses, and telephone numbers of the relevant individuals. (Id.)

Judge Bryant recommended that this Court grant Plaintiff's Motion. (ECF No. 56).

## ANALYSIS

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects. Fed. R. Civ. P. 72(b)(3).

Defendant objects to Judge Bryant's Report and Recommendation on several grounds, consolidated into the groups noted here. First, it argues that Judge Bryant applied a lower standard of proof than appropriate in evaluating whether to conditionally certify a class. (ECF No. 2–6.) Next, it asserts that Plaintiff fails to provide sufficient evidence that he is similarly situated to others, as required for certification under the FLSA. (Id. at 7–20.) Finally, it objects to Judge Bryant's conclusion that posting notice on UCS premises is appropriate, arguing that Plaintiff has failed to indicate why mailing would be insufficient. (Id. at 20.) The Court addresses these objections in turn.[1]

## I. Standard for Conditional Certification under the FLSA

First, Defendant objects to the standard used in the Report and Recommendation to evaluate Plaintiff's evidence related to conditional class certification. (ECF No. 57 at 4.) Specifically, Defendant argues that a "modest plus" standard, rather than the typical, more lenient standard, would have been more appropriate because some discovery had been conducted at the time of the Motion.

"An action . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Unlike a class action, a collective action permits similarly situated persons to opt into rather than

---

[1] For the sake of clarity, the Court has reorganized Defendant's objections into fewer categories and subcategories than those presented to the Court in Defendant's Objection. (See ECF No. 57.) Although Defendant outlines and titles its objections differently, the Court addresses them all below.

opt out of litigation. See Comer v. Wal-Mart Stores, Inc., 454 F.3d 544, 546 (6th Cir. 2006). Courts typically employ a two-phase inquiry to address whether the plaintiffs are similarly situated to the opt-in plaintiffs, the first phase occurring at discovery and the second after all opt-in forms have been received and discovery has concluded. Id.

During the initial evaluation, courts are to employ a "fairly lenient standard [that] typically results in . . . certification." Comer, 454 F.3d at 547. A "modest factual showing" from the plaintiff will suffice. Id. In cases where some discovery has occurred, courts may use a "modest plus" standard in evaluating the propriety of conditional certification. See Creely v. HCR ManorCare, Inc., 789 F. Supp. 2d 819, 826–27 (N.D. Ohio 2011) (outlining when and how the "modest plus" standard might be implemented); see also Hall v. U.S. Cargo & Courier Serv., LLC, 299 F. Supp. 3d 888, 895 (S.D. Ohio 2018) (noting a "slightly elevated" standard for conditional certification may be used after discovery has commenced). The modest plus standard is still meant to be lenient, resolving any gaps or doubts in the evidence in favor of plaintiffs. Creely, 789 F.Supp.2d at 826–27. A court "does not weigh the relative merits of the parties' claims at [the] conditional certification stage." Id. at 827. Rather, a court implementing this standard looks for "some progress as a result of the discovery as measured against the original allegations and defenses." Id.

In the instant case, Defendant argues that Judge Bryant ought to have reviewed the Motion using a modest plus standard. (ECF No. 57 at 3.) The Court disagrees. "[C]ourts generally agree that allowing the parties to conduct some targeted discovery regarding the conditional certification question takes the question beyond the stage one evidentiary boundaries of the complaint's allegations and supporting affidavits." Id. at 826. Courts using a modest plus standard attempt to determine "whether [p]laintiffs have advanced the ball down the field . . . as

4

a result of the discovery as measured against the original allegations and defenses." Creely, 789 F.Supp.2d at 827. Here, Plaintiff avers that he has not taken any depositions or issued written discovery and that Defendant, for its part, has taken the deposition of the Named Plaintiff and produced some documents as part of initial disclosures. (ECF No. 60 at 3.) Because discovery has barely begun, there would be no way to meaningfully measure Plaintiff's position now in relation to his position before discovery. Therefore, Judge Bryant's decision to employ the traditional standard to evaluate Plaintiff's Motion for Conditional Certification was correct, and Defendant's objection to the use of that standard is **OVERRULED**.

## II.    Similarly Situated Plaintiffs

Defendant argues that Plaintiff cannot demonstrate that he is similarly situated to others employed by UCS and thus there is no basis for class certification. (ECF No. 57 at 9.) In support of this argument, Defendant points to differences in the situations of purported class members, cites company policies mandating overtime reporting and provides statements from other employees denying any policy like the one alleged by Plaintiff. (Id. at 9–22.) Defendant additionally notes that Plaintiff did sometimes report overtime work.[2] (Id. at 12.)

A plaintiff must demonstrate that she and the other putative class members are "similarly situated." 29 U.S.C. § 216(b). Plaintiffs who suffer from a single, FLSA-violating policy or whose claims are "unified by common theories of defendants' statutory violations" are similarly situated. O'Brien v. Ed Donnelly Enters., 575 F.3d 567, 585 (6th Cir. 2009), abrogated on other

---

[2] Defendant also asserts that Plaintiff's lack of knowledge about the specifics of his own hours or the hours of others in the purported class for every week in question works against him. (Id. at 10–11.) However, at this stage, while Plaintiff cannot provide specifics for every week in question, he is asserting that he and others were forced to work more than 40 hours without pay. At this stage, the Court does not expect Plaintiff to provide details to the level Defendant seems to expect in his Motion in order to allege a violation of the FLSA. Thus, the Court does not address Defendant's objections on these grounds beyond this note.

grounds by Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663, 669 (2016).  This is true "even if the proofs of these theories are inevitably individualized and distinct."  Id.  The FLSA standard for evaluating whether individuals are similarly situated is different than the standard in Federal Rule of Civil Procedure 23 in that it is "less demanding."  Monroe v. FTS USA, LLC, 860 F.3d 389, 397 (6th Cir. 2017).  Moreover, as noted previously, the evaluation of whether plaintiffs are similarly situated at the conditional certification stage is more lenient than it is at the post-discovery stage.  See Comer, 454 F.3d at 546.  Conditional certification is not the time to strictly evaluate the factual differences and details of the purported class members:

> [D]ifferences in the factual and employment settings of the class members may preclude final certification of the collective action, or at the very least prevent all of the opt-in Plaintiffs from remaining in the putative class.  However, that is a question the Court need only reach at the second stage of the certification process and on the basis of a fully developed factual record.

Hoffman v. Kohler Co., No. 2:15-cv-01263-STA-egb, 2017 U.S. Dist. LEXIS 140766, at *17 (W.D. Tenn. Aug. 30, 2017) (internal citation omitted).

In its objections, which are in large part recitations of its initial response in opposition to Plaintiff's Motion, Defendant relies on arguments more appropriate at the final certification stage.[3]  Defendant repeatedly argues that class certification is inappropriate due to the need for individualized inquiries.  (ECF No. 57 at 3, 13, 15.)  However, as noted above, questions regarding "differences in the factual and employment settings of the class members," while they may prevent sustained certification, are better reserved for the second stage of certification evaluation.  Hoffman, 2017 U.S. Dist. LEXIS 140766, at *17.

---

[3] Along these lines, Defendant argues that the other individuals that Plaintiff names in his declaration are not similarly situated, using this contention to conclude that no basis for class certification exists as Plaintiff provides no evidence of any other employee in his proposed class suffering from a similar violation.  (ECF No. 57 at 20–22.)  Because the Court leaves the evaluation of factual and employment differences to the final certification stage, it does not address Defendant's argument that there is no basis to certify a collective action.

Defendant also argues that Bentz provides no evidence of the existence of an FLSA-violating policy being applied to others. (ECF No. 57 at 13). In urging the court to find the same, Defendant points to Medley v. S. Health Partners, Inc., No. 1:17-cv-00003, 2017 U.S. Dist. LEXIS 129776 (M.D. Tenn. Aug. 15, 2017). In Medley, the plaintiff sought conditional certification based on "personal knowledge" of other employees being subjected to a policy in violation of the FLSA, but the plaintiff failed to provide names and worked in an isolated position where her reason to be in contact with other employees would be limited. Id. at *20–21. In contrast, Plaintiff does provide names and, insofar as the Court can tell, was not isolated from others in the same way as the plaintiff in Medley. (ECF No. 22-3 at 2.)

Still, Defendant notes, the court in Steger found similar evidence unpersuasive, (ECF No. 57 at 15) but the court in Steger was (1) using a modest plus standard and (2) evaluating a proposed nationwide class, Steger v. Life Time Fitness, Inc., No. 14-cv-6056, 2016 U.S. Dist. LEXIS 7267, at *7–8, *10 (N.D. Ill. Jan. 21, 2016). Here, the Court has determined that not enough discovery has occurred to examine the Motion using a modest plus standard. Moreover, Plaintiff seeks to conditionally certify a much smaller class. Thus, this Court does not share the Steger court's concern that granting certification would result in a nationwide class dependent on a series of individualized inquiries into the behaviors of many different supervisors.

Defendant also rightfully argues that conclusory allegations are insufficient to meet the evidentiary standard necessary, (ECF No. 57 at 7) and urges the Court to draw from Lindsey v. Harris County, No. H-15-630, 2015 U.S. Dist. LEXIS 150827, at *15 (S.D. Tex. Nov. 6, 2015), in which plaintiffs sought to certify a class without presenting any information as to how they knew other class members worked more than 40 hours (in fact presenting a witness who indicated the opposite was true). However, important differences exist between Lindsey and the

7

instant case. Most notably, Plaintiff indicates personal knowledge of the problem and provides names of other individuals. (ECF No. 22-3 at 2.) Personal knowledge moves the Motion out of the realm of mere conclusory allegations by asserting evidence not present in cases like Lindsey.

Defendant also provides statements from dozens of other employees noting that they were not subjected to similar treatment. Though Defendant asserts that these are more than mere "happy camper" statements, the Court is unconvinced. Defendant relies on Langlands v. JK & T Wings, Inc., 2016 U.S. Dist. LEXIS 100126, at *8–10 (E.D. Mich. Aug. 1, 2016), in which the court found a series of declarations from other employees at various locations of the business in question to be persuasive evidence against certification. However, in that case, "there [was] only essentially one declaration in support of the Motion," though plaintiffs sought certification of a class including thirty different business locations. Id. at *6. As noted, in this case, Plaintiff provides multiple declarations and proposes a much smaller class. Langlands is therefore factually distinct.

Generally, statements from unaffected employees are unconvincing to courts at the conditional certification stage. See Creely, 789 F.Supp.2d at 840 ("Just as courts have not traditionally required a plaintiff seeking conditional certification to come forward with some threshold quantity of opt-in plaintiffs, it is no more helpful for the employer to round up a small samples of favorable statements from employees." (internal citation omitted)); see also Brown v. AK Lawncare, Inc., No. 14-14158, 2015 U.S. Dist. LEXIS 139399, at *11 (E.D. Mich. Oct. 14, 2015) (noting, when defendants presented evidence of employees contradicting plaintiffs, that "the notice stage is not the time for the Court to weigh dueling affidavits and to evaluate the merits of the underlying claim"). Relying on the lenient standard employed at this stage, the

8

Court here declines to weigh the evidence or evaluate the merits of these competing statements, instead looking to what Plaintiff has provided.

Finally, the Court is not persuaded by any of the additional evidence against certification Defendant provides. Defendant argues that UCS policies "emphasize reporting all time worked." (ECF No. 57 at 10.) However, Plaintiff does not question UCS's written policies. Rather, he argues that mandates from supervisors to underreport exist in violation of the FLSA. (ECF No. 22-3.) Similarly, Defendant presents evidence that Plaintiff reported and was paid for overtime for some of the weeks at issue in the case. (ECF No. 57 at 9–10.) The Court assumes this information is meant to suggest there could not possibly be a policy or practice in violation of the FLSA because overtime was reported and paid during some of the dates in question. However, that Plaintiff reported and was compensated for some overtime does not void his claim that a practice in violation of the FLSA existed.

Because the Court is unpersuaded by Defendant's various arguments that Plaintiff has failed to demonstrate sufficient evidence that he is similarly situated to purported class members, Defendant's objections as to that issue are **OVERRULED**.

### III.  Posting Notice on the UCS Premises

Finally, Defendant objects to Judge Bryant's recommendation that Bentz's request to post notice on UCS premises be granted. (ECF No. 57 at 22.) It argues that the posting could be disruptive, and that Bentz has failed to justify posting notice on the premises by demonstrating that mailed notice is insufficient. (Id.)

The FLSA allows similarly situated employees to opt-in to collective actions, and its effectiveness depends "on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to

9

participate." Hoffmann-La Roche v. Sperling, 493 U.S. 165, 170 (1989). "The district court may use its discretion to authorize notification of similarly situated employees to allow them to opt into the lawsuit." Comer v. Wal-Mart Stores, Inc., 454 F.3d 544, 546 (6th Cir. 2006); see also Hoffmann-La Roche 493 U.S. at 170. Courts have allowed plaintiffs to post notice on work premises without demonstrating notice by mail would be insufficient. See Gunn v. NPC Int'l, Inc., No. 13-1035, 2016 U.S. Dist. LEXIS 172059, at *25 (W.D. Tenn. Dec. 13, 2016) (noting that courts routinely grant these requests); see also Whitehorn v. Wolfgang's Steakhouse, Inc., 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011) (granting motion to post in "conspicuous" locations in the relevant restaurants). But see Young v. Hobbs Trucking Co., No. 3:15-cv-991, 2016 U.S. Dist. LEXIS 72147, at *10 (M.D. Tenn. June 1, 2016) (declining to allow notice to be posted where no demonstration of insufficiency of notice by mail was provided).

Here, Defendant argues that posting in common spaces might be disruptive as other types of employees work in the relevant offices and not all possible class members would see the postings in the offices in any case. (ECF No. 57 at 22.) The Court is not convinced by these arguments. As to the first, the Court fails to see how the posting would be disruptive or confusing, as Plaintiff has defined his limited conditional class, and, thus, any confusion would ostensibly be eliminated immediately by the details of the posting. As to the second, Plaintiff additionally seeks to mail and email potential class members; posting notice at UCS is only an attempt to make sure that potential class members are aware, an important goal under the FLSA, where plaintiffs must opt-in rather than opt-out.

Defendant seemingly does not object to the other aspects of Plaintiff's Proposed Notice or Judge Bryant's Report. Therefore, Defendant's objection is **OVERRULED** and Plaintiff's Proposed Notice is **APPROVED**, with the related request for names, last known addresses,

email addresses, and telephone numbers of the relevant individuals being **GRANTED**. A scheduling conference will be held on **Thursday, October 4, 2018 at 10:00am** to establish deadlines for this matter.

## **CONCLUSION**

For the foregoing reasons, Defendant's Objections are **OVERRULED**, Judge Bryant's Report and Recommendation is **ADOPTED** and Plaintiff's Motion is **GRANTED**.

**IT IS SO ORDERED,** this 28th day of September, 2018.

<u>s/ Sheryl H. Lipman</u>
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE