# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

_____

KEVIN BENTZ, individually and on
behalf of all other similarly situated,

    Plaintiff,

v.                                                                           Case No. 2:16-cv-2700-MSN-jay
                                                                           JURY DEMAND

UC SYNERGETIC, LLC;
GREG MAES; and
REBECCA SHEPHERD,

    Defendants.
_____

## ORDER DENYING JOINT MOTION FOR SETTLEMENT APPROVAL
_____

Before the Court is the parties' Joint Motion for Settlement Approval and Supporting Memorandum filed November 22, 2019. (ECF No. 101.) The parties separately submitted a proposed settlement agreement to the Court for *in camera* review but did not file the proposed settlement agreement on the docket.

Where parties settle or compromise a Fair Labor Standards Act ("FLSA") claim, the parties must seek court approval of the proposed settlement. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The court may enter a stipulated judgment after scrutinizing the settlement for fairness. *Id.* Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. *Id.* at 1353–54. Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes concerning a plaintiff's entitlement to compensation under the FLSA. *Id.* at 1353 n. 8. "In essence, the Court must ensure that the parties are not, via settlement of plaintiffs' claims,

negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime." *Collins v. Sanderson Farms, Inc.*, 567 F. Supp. 2d 714, 719 (E.D. La. 2008) (citing 29 U.S.C. §§ 206, 207). If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved. *Lynn's Food Stores*, 379 F.2d at 1354.

The parties submitted their proposed settlement agreement for *in camera* review, but they have not filed it as part of the public docket. The parties did not provide a reason as to why the proposed settlement agreement should not be filed on the docket, and "[u]nder the common law right to access, a presumption of public access attaches to any 'judicial document,' defined as a document 'relevant to the performance of the judicial function and useful in the judicial process.'" *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 337 (S.D.N.Y. 2012) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). "An agreement settling a FLSA claim that is submitted for court approval is indisputably . . a 'judicial document' subject to the presumption of access." *Id.*

The mere fact "that the settlement agreement contains a confidentiality provision is an insufficient interest to overcome the presumption that an approved FLSA settlement agreement is a judicial record, open to the public." *Scott v. Memory Co., LLC*, No. 3:09 CV 290–SRW, 2010 WL 4683621, at *2 (M.D. Ala. Nov. 10, 2010) (quoting *Prater v. Commerce Equities Mgmt. Co., Inc.*, No. H–07–2349, 2008 WL 5140045, at *10 (S.D. Tex. Dec. 8, 2008)) (internal quotation marks omitted). "Nor does the fear of copycat lawsuits or embarrassing inquiries suffice to defeat the presumption [of public access]." *Wolinsky*, 900 F.Supp. 2d at 338–39. Accordingly, this Court is unwilling to approve a settlement or dismissal of FLSA claims when the terms of the proposed settlement are not available to the public. This is consistent with the approach of other courts in

this district.  *See Steele v. Staffmark Investments, LLC*, 172 F. Supp. 3d 1024 (W.D. Tenn. 2016); *Nutting v. Unilever Mfg. (U.S.) Inc.*, No. 2:14-cv-02239-JPM-tmp, 2014 WL 2959481 (W.D. Tenn. June 13, 2014).

For the reasons set forth above, the parties' Joint Motion is **DENIED** without prejudice. Within 30 days of the date of this Order, the parties may either (1) resubmit their motion for settlement approval with a copy of the proposed settlement agreement on the public docket, or (2) file a rescission of their notice of settlement and proceed to trial.

**IT IS SO ORDERED**, this 2nd day of December, 2019.

> *s/ Mark S. Norris*
> MARK S. NORRIS
> UNITED STATES DISTRICT JUDGE